**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ARMON ANDRE RANDALL**                                                      **PETITIONER**

**VS.**                                    **CIVIL ACTION NO.: 1:09-CV-270-HSO-JMR**

**DANNY SCOTT, DELTA CORRECTIONAL
FACILITY, and JIM HOOD**                                               **RESPONDENTS**

___

**REPORT & RECOMMENDATION**
___

This matter is before this Court on Respondents' Motion [4-1] to Dismiss Pursuant to § 2244(d) filed on May 21, 2009. Petitioner filed a Response in Opposition on August 6, 2009, to which Respondents filed a Reply on September 8, 2009. Having considered the Respondents' Motion [4-1], along with the pleadings, entire record and the applicable law, this Court finds that Respondents' Motion [4-1] is well-taken and should be granted. Accordingly, Randall's petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

Petitioner, Armon Randall, was indicted by the Circuit Court of the Second Judicial District of Harrison County, Mississippi on a charge of capital murder on May 28, 1997. (*See* Ex. "1" Attach. Pet. [1-2].) Randall pled guilty to the charge on May 9, 2002. (*See* Ex. "C" Attach Resp't Mot. [4-5] Dismiss.) Randall was sentenced to life in the custody of the Mississippi Department of Corrections without the possibility of parole. *Id.*

Randall filed a Motion for Post-Conviction Relief in the Circuit Court of the Second Judicial District of Harrison County, Mississippi on July 6, 2005. (*See* Ex. "D" Attach. Resp't Mot. [4-6]

Dismiss.) The circuit court denied Randall's motion on November 3, 2006. (*See* Ex. "E" Attach. Resp't Mot. [4-6] Dismiss.) Randall appealed the trial court's decision and the Mississippi Court of Appeals, on February 19, 2008, affirmed the circuit court's decision to deny Randall's motion for post-conviction relief as untimely filed. *Randall v. State*, 987 So.2d 453, 455 (Miss.Ct.App. 2008) *rehearing, en banc, denied*, 2008 Miss. App. LEXIS 438 (Miss.Ct.App., July 22, 2008).

On April 20, 2009, Randall, through the assistance of counsel, filed the instant Petition for Writ of Habeas Corpus claiming that his sentence of life without parole for the crime of capital murder is illegal because that sentencing option was not available at the time the crime was committed. On May 21, 2009, Respondents filed the present Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d).

## ANALYSIS

The Respondents argue that Randall's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal *habeas* relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant petition, Randall challenges the sentence imposed by the trial court on May 9, 2002. Respondents argue that Randall's *habeas* petition should have been filed within one year of the date that Randall's conviction and sentence became final. Respondents claim that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-

conviction relief is pending in state court. *See*, *e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

Mississippi state law prohibits a defendant who has pled guilty from prosecuting a direct appeal of his *conviction* in state court. *See* MISS. CODE ANN. § 99-35-101; *see also Lett v. State*, 965 So.2d 1066 (Miss. 2007). However, the Mississippi Supreme Court has created an exception permitting a defendant to appeal the *legality of his sentence* within thirty days of the imposition of that sentence. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Thus, Randall's conviction and sentence became final on June 8, 2002, thirty days after he was sentenced on his guilty plea. *See Boyett v. Waller*, 2006 WL 3206082, *1 (N.D.Miss. 2006). Accordingly, unless Randall filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before June 9, 2003, to toll the period of limitation, any habeas petition challenging the capital murder conviction and sentence would be filed too late.[1] *See Flanagan*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Respondents assert that according to the records of the Harrison County Circuit Court, no motions for post-conviction relief were filed by Randall challenging his conviction or sentence on or before June 9, 2003, and thus, the tolling provisions of 28 U.S.C. § 2244(d)(2) are not applicable to the facts of this case.

The Court notes that Randall did, however, on July 6, 2005, file a Motion for Post-Conviction Relief to Vacate and Set Aside Conviction and Sentence in the Circuit Court of Harrison County[2], alleging that his sentence was illegal because "life without parole" was not a sentencing

---

[1] The limitations period would have expired on June 8, 2003, which fell on a Sunday. Accordingly, Randall's petition was due on or before the following business day, Monday, June 9, 2003.

[2] Although the "Motion for Post-Conviction Relief" was stamped "filed" on July 6, 2005, Randall actually signed the motion on June 2, 2005. (*See* Ex. "D" Attach. Resp't Mot. [4-6] Dismiss.)

option available at the time the crime was committed, October 28, 1993. (*See* Ex. "D" Attach. Resp't Mot. [4-6] Dismiss). As noted earlier, Randall's motion was denied by the trial court, and that denial was affirmed by the Mississippi Court of Appeals. *See Randall*, 987 So.2d at 455.

As stated previously, unless Randall complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(1)(A), any state court motion for Post-Conviction Relief challenging his conviction or sentence for capital murder must have been filed before June 9, 2003, in order to toll the limitation period. *See Flannagan*, 154 F.3d at 201; *Davis*, 158 F.3d at 810. A review of the record indicates that Randall signed his state court motion for Post-Conviction Relief on June 2, 2005, and that it was received and stamped as "filed" in the Harrison County Circuit Court on July 6, 2005 - some 757 days after the June 9, 2003 deadline for filing Randall's federal *habeas* petition. Therefore, Randall failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).

Randall filed his petition, through his counsel, on April 20, 2009. This date is 2,140 days, nearly six years, past the June 9, 2003 deadline for filing his federal *habeas* petition. However, Randall argues that the exceptional circumstances of his case should allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). As the Supreme Court has stated, "[t]o be entitled to equitable tolling, [the petitioner]

must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "Excusable neglect does not support equitable tolling." *Ott*, 192 F.3d at 513-14. Randall should be allowed to toll the statute of limitations if in exercising due diligence he could not timely uncover essential information that was predicate to his claim. *See Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992).

Randall makes three arguments for the application of equitable tolling. First, he complains that the trial court erroneously informed him that he waived his right to appeal by offering a plea of guilty. Randall asserts that "[a]n argument certainly can be made that [he] was thwarted in his efforts by the erroneous information provided by the Court that he was not entitled to appeal an illegal sentence." (*See* Pet'r Resp. [8-1] Mot. Dismiss 5.) The Court notes that Randall does not, however, provide the Court with a copy of the guilty plea transcript. Instead, Randall submits an affidavit where he states that at sentencing he was told by the trial judge that he had no right to appeal the conviction and sentence to the Supreme Court because of the plea of guilty. (*See* Ex. "A" Attach. Pet'r Resp. [8-2] Mot. Dismiss.) As noted earlier, this is not an erroneous statement of Mississippi law. "The right to appeal a criminal conviction is a statutory right, not a constitutional right." *United States v. Henderson*, 72 F.3d 463, 464-65 (5th Cir. 1995) (citing *Abney v. United States*, 431 U.S. 651, 656, 52 L. Ed. 2d 651, 97 S. Ct. 2034 (1977)); *accord Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Under Mississippi law, there is no direct appeal from a guilty plea. *See* MISS. CODE ANN. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. MISS. R. APP. P. 4(a); *Burns v. State*, 344 So.2d 1189 (Miss. 1997). Randall has not submitted sufficient evidence to convince this

Court that he was misled by the trial court in any way.

Randall also contends that his access to the law library and thus legal assistance was severely limited because he was assigned to a maximum security unit, Unit 32 of the Mississippi State Penitentiary, and that MDOC did not provide him with an Inmate Legal Assistance Program ("ILAP") packet upon entering the MDOC. Randall asserts that these conditions should constitute grounds for equitable tolling of the statute of limitations period. However, these contentions are, at best, a mischaracterization of the facts. Respondents claim that the MDOC's Inmate Legal Assistance Program does provide services to inmates who are housed in Unit 32. They note that during the applicable time period, Randall actually filed three ILAP requests while he was housed in Unit 32. (*See* Ex. "A" Attach. Resp't Reply [10-2].) Randall asserts that he was never given a "first step packet" upon entering MDOC, however, Randall never requested said packet. (*See* Exs. "A," "B" Attach. Resp't Reply [10-2].) Randall, on numerous occasions, sought the assistance of ILAP by submitting a standard request form. *Id.* At the top of this form is a blank line for an inmate to mark in order to request a "First Step Packet on Post-Conviction Collateral Relief." *Id.* Randall used this form on several occasions, however, he never requested the first step packet.[3] *Id.* Clearly, the Inmate Legal Assistance Program was available to Randall to aid him in meeting any deadlines. Randall needed only to request those services in a form that he regularly used. No one denied Randall access to legal assistance.

Finally, Randall asserts the Court should apply equitable tolling because he and the

---

[3]The Northern District has recognized that the "post-conviction packet (approximately 140 pages) contains information regarding the state court post-conviction remedy (with supporting statute) and 'A Basic Explanation of the Appeals Process.' which summarizes state court remedies as well as a brief overview of federal habeas, *including a discussion of the one-year statute of limitations period of the AEDPA*. The post-conviction packet is available to all inmates upon request." *Neal v. Bradley*, 2006 U.S. Dist. LEXIS 69395, 2006 WL 2796404, Civil Action No. 2:05cv67 (N.D. Miss., Sept. 25, 2006).

prosecution presented an illegal sentence to the trial court for the stipulated plea agreement, and the court imposed the allegedly illegal sentence. (*See* Ex. "2" Attach. Pet. [1-2]; Ex. "C" Attach. Mot. [4-5] Dismiss.) Randall has not indicated why these events, which occurred prior to and during his sentencing, precluded him from filing a *habeas* petition for nearly seven years following his conviction. Rather, the circumstances giving rise to his petition were available immediately upon sentencing. The Ninth and Second Circuits have noted that "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). In the case *sub judice*, even assuming the circumstances surrounding his plea agreement and sentencing could amount to extraordinary circumstances outside Randall's control, Randall has not shown that these external forces, rather than his lack of diligence were the cause of his delay in filing a *habeas* petition. Accordingly, Randall's argument does not justify the application of equitable tolling. None of Randall's arguments constitute "rare and exceptional circumstances" sufficient to toll the statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S. Ct. 622, 148 L. Ed. 2d 532 (2000) (ignorance of law held insufficient to toll statute of limitations); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000), quoting *Rashidi*, 96 F.3d at 128 (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant... or prevented in some extraordinary way from asserting his rights."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) *cert. denied*, 528 U.S. 1007, 120 S. Ct. 504, 145 L. Ed. 2d 389 (1999) (unfamiliarity with legal process does not merit equitable tolling).

Had Randall advanced his claims within a reasonable time of their availability, he would not

now be facing any time problem. Randall sat on his rights for nearly three years before filing a post-conviction motion in state court thereby missing any opportunity for statutory tolling, and subsequently filed his *habeas* petition in this court nearly six years past the deadline. Furthermore, Randall has not set forth any extraordinary circumstances justifying his lengthy delay in filing his *habeas* petition, and, thus, he has not demonstrated that equitable tolling should apply. Under long-established principles, Randall's lack of diligence precludes equity's operation. *See Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Afairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L. Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights")).

In noting that the application of procedural rules may appear formalistic when applied to bar a facially plausible *habeas* petition, the Fifth Circuit has emphasized that "Congress has imposed a strict one-year limitations period for the filing of all habeas petitions under the AEDPA, subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002). Because Randall filed his federal *habeas* petition beyond the deadline, and because he is not entitled to statutory or equitable tolling for any of that period, his federal petition is barred by the statute of limitations.

Although Randall's petition for a writ of *habeas corpus* was untimely filed, the Court would ordinarily address the merits of Randall's claims out of an abundance of caution. However, in the present instance, neither Randall's Petition nor Respondents' Motion [4-1] to Dismiss include a transcript of the Circuit Court proceedings, specifically a transcript of Randall's guilty plea hearing and sentencing. Therefore, the Court is unable to reach the merits of Randall's assignments of error.

## **CONCLUSION**

Randall's conviction and sentence became final on June 8, 2002. Thereafter, Randall had

one year or until June 9, 2003, to file a federal petition for a writ of *habeas corpus*. Randall filed his federal *habeas* petition on April 20, 2009, some 2,140 days past the June 9, 2003 deadline. Furthermore, Randall did not properly file an application for post-conviction relief as contemplated by 28 U.S.C. § 2244 (d)(2) on or before June 9, 2003, to toll the period of limitation. Randall has not demonstrated any rare and exceptional circumstances that warrant any equitable tolling of the statute of limitations. Thus, this Court finds that Randall is entitled to neither statutory nor equitable tolling. It is the recommendation of this Court that Randall's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the ___8th___ day of January, 2010.

                                                      s/ John M. Roper
                                     CHIEF UNITED STATES MAGISTRATE JUDGE