IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARMON ANDRE RANDALL**                                                           **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 1:09cv270HSO-JMR**

**DANNY SCOTT, ET AL.**                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Armon Andre Randall's Objection [12-1] to the Report and Recommendation of Chief United States Magistrate Judge John M. Roper [11-1] entered in this cause on January 8, 2010. Also before the Court is the Respondent's Motion to Dismiss [4-1] Randall's *habeas corpus* petition based on the provisions of 28 U.S.C. § 2244(d). Respondent contends that Randall's *habeas* petition was not timely filed and should be dismissed. The Court has thoroughly reviewed the findings in the Report and Recommendation, the record, and the positions of the parties advanced in the Motion and Objection, and concludes that Randall's petition was untimely filed. Respondent's Motion should therefore be granted.

This *habeas* petition is governed by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] of 1996. *See Green v. Johnson* 116 F.3d 1115, 1119-20 (5th Cir. 1997). The AEDPA, 28 U.S.C. § 2244(d)(1), imposed a limitation period for filing *habeas* petitions, and provides in pertinent part as follows:

> A 1-year period of limitation shall apply to an application for writ of
> habeas corpus by a person in custody pursuant to the judgment of a
> State court. The limitation period shall run from the latest of: (A) the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

A petitioner's *pro se* status, illiteracy, deafness, or lack of legal training, among other reasons, do not excuse the untimely filing of a *habeas* petition. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied* 531 U.S. 1164 (2001). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). That time period can be tolled by the pendency of a properly filed motion for post-conviction relief. *See* 28 U.S.C. § 2244(d)(1).

Randall pleaded guilty to a capital murder charge on May 9, 2002. Ct. R., Doc. 1. He was sentenced to a term of life imprisonment without the possibility of parole. *See id.* Under Mississippi law, a criminal defendant who pleads guilty has no right to appeal his conviction. MISS. CODE ANN. § 99-35-101. Randall filed a Motion for Post-Conviction Relief in state court on July 6, 2005, which that court denied on November 3, 2006, as time-barred. *See id.*; Order att. as Ex. "E". Randall appealed this ruling, which was affirmed by the Mississippi Court of Appeals on February 19, 2008. *See Randall v. State*, 987 So. 2d 453 (Miss. Ct. App. 2008).

The Magistrate Judge ultimately recommended that Randall's § 2254 petition should be dismissed as untimely filed. In his Objection to the Magistrate's

Report and Recommendation, Randall argues that he was misled by his attorney and the sentencing court that he had waived his right to appeal and unlawful sentence. Obj., p. 2-3. Randall argues that the alleged misrepresentation about whether he was entitled to appeal his sentence should equitably toll the AEDPA filing requirements. *Id.*, p. 4.

Randall filed his petition for *habeas* relief on April 20, 2009. Ct. R., Doc. 1. Under the AEDPA, Randall's petition for *habeas* relief was due for filing no later than June 9, 2003, one year after the state court judgment became final. *See United States v. Flores*, 135 F.3d 1000, 1005-6 (5th Cir. 1998). The one-year statute of limitations on *habeas* petitions begins to run when the judgment of conviction becomes final, not when the petitioner becomes aware that the judgment is final. *See* 28 U.S.C. § 2244(d)(1)(A); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002); *Moore v. Dretke*, 186 Fed. App'x 536, 539 (5th Cir. 2006).

Randall also argues that equitable tolling is warranted in this case due to his knowledge base being "substantially hampered by the limited access to the law library and erroneous information from the state library staff." Obj. to Report and Recommendation at p. 2. The Magistrate Judge determined that Randall never requested a "first step packet":

> Randall, on numerous occasions, sought the assistance of ILAP by submitting a standard request form. ... At the top of this form is a blank line for an inmate to mark in order to request a "First Step Packet on Post-Conviction Collateral Relief." Randall used this form on several occasions, however, he never requested the first step packet. Clearly, the Inmate Legal Assistance Program was available to Randall to aid him in

3

> meeting any deadlines. Randall needed only to request those services in a form that he regularly used.

Report and Recommendations at p. 6.

The Court finds that Randall had the "materials necessary to challenge his conviction or confinement." *Egerton v. Cockrell,* 334 F.3d 433, 439 (5th Cir. 2003).

Rule 72(a) of the Federal Rules of Civil Procedure states that the ruling of a magistrate judge is reviewed under a deferential standard, requiring that the order be upheld unless it is clearly erroneous or contrary to law. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court must determine if, in this case, the Report and Recommendation was clearly erroneous in its method of calculating the applicable statute of limitations for filing *habeas* claims under the AEDPA.

The doctrine of equitable tolling is applied only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998); *see also Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006); *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002). The Court concludes that this case does not encompass one of those exceptional circumstances inasmuch as Randall did not "pursue his habeas relief with diligence and alacrity." *See Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*per curiam*), *reh'g granted in part on other grounds* 223 F.3d 797.

Accordingly, the Court finds no grounds to overturn the Report and Recommendation, and further finds that the Report and Recommendation of Chief

4

Magistrate Judge John M. Roper entered on or about January 8, 2010, should be adopted as the finding of this Court. The Court further concludes that the Report and Recommendation correctly found that Respondent's Motion to Dismiss should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Randall's Objection [12-1] to the Report and Recommendation entered in this cause on January 22, 2010, be, and is hereby, overruled.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [11-1] of Chief Magistrate Judge John M. Roper entered on January 8, 2010, is hereby adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Motion to Dismiss [4-1] should be and is hereby **GRANTED**. A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 26th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE